**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MOHAMMAD TAHSEEN, | ) | Case No. 18 B 3134 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| --------------------------------------------------- | ) | |
| PATRICK S. LAYNG, U.S. Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 22-00016 |
| | ) | |
| MOHAMMAD TAHSEEN, | ) | The Honorable David D. Cleary |
| | ) | |
| Defendant. | ) | |

## ANSWER OF MOHAMMAD TAHSEEN

NOW COMES Debtor, MOHAMMAD TAHSEEN ("Tahseen"), by and through his attorneys, Naumann, Agnello & Associates LLC., and for and in support of his Answer to the Trustee's Complaint for Revocation of Discharge, states as follows:

## JURISDICTION AND VENUE

1. Mr. Tahseen ADMITS the allegations contained in Paragraph 1 of the Complaint.

2. Mr. Tahseen ADMITS the allegations contained in Paragraph 2 of the Complaint.

3. Mr. Tahseen ADMITS the allegations contained in Paragraph 3 of the Complaint.

4. Mr. Tahseen ADMITS the allegations contained in Paragraph 4 of the Complaint.

5. Mr. Tahseen ADMITS the allegations contained in Paragraph 5 of the Complaint.

6. Mr. Tahseen ADMITS the allegations contained in Paragraph 6 of the Complaint.

7. Mr. Tahseen ADMITS the allegations contained in Paragraph 7 of the Complaint.

## BACKGROUND

### I. Tahseen's Bankruptcy Case Prior to Receiving his Discharge

8. Mr. Tahseen ADMITS the allegations contained in Paragraph 8 of the Complaint.

9. Mr. Tahseen ADMITS the allegations contained in Paragraph 9 of the Complaint.

10. Mr. Tahseen ADMITS the allegations contained in Paragraph 10 of the Complaint.

11. Mr. Tahseen ADMITS the allegations contained in Paragraph 11 of the Complaint.

12. Mr. Tahseen ADMITS the allegations contained in Paragraph 12 of the Complaint.

13. Mr. Tahseen ADMITS the allegations contained in Paragraph 13 of the Complaint.

14. Mr. Tahseen ADMITS the allegations contained in Paragraph 14 of the Complaint.

15. Mr. Tahseen ADMITS the allegations contained in Paragraph 15 of the Complaint.

16. Mr. Tahseen ADMITS the allegations contained in Paragraph 16 of the Complaint.

17. Mr. Tahseen ADMITS the allegations contained in Paragraph 17 of the Complaint.

18. Mr. Tahseen ADMITS the allegations contained in Paragraph 18 of the Complaint.

19. Mr. Tahseen ADMITS the allegations contained in Paragraph 19 of the Complaint.

### II. Tahseen's Bankruptcy Case Prior to Receiving his Discharge

20. Mr. Tahseen ADMITS the allegations contained in Paragraph 20 of the Complaint.

21. Mr. Tahseen ADMITS the allegations contained in Paragraph 21 of the Complaint.

22. Mr. Tahseen DENIES the allegation of Paragraph 22 of the Complaint that TTLBL indicated in the Sale Objection that the Trustee had any particular objection to the Defendant's Motion, although TTLBL did represent in its objection that the "Trustee [was] opposed to Debtor's motion."

23. Mr. Tahseen ADMITS the allegations contained in Paragraph 23 of the Complaint but notes

that the "Agreed" Order was not entered with Mr. Tahseen's own agreement inasmuch as the Court at that time acknowledged within the text of that Order that Debtor was not present and that "Debtor's counsel has been unable to communicate with Debtor."

24. Mr. Tahseen ADMITS the allegations contained in Paragraph 24 of the Complaint.

25. Mr. Tahseen ADMITS the allegations contained in Paragraph 25 of the Complaint.

26. Mr. Tahseen ADMITS the allegations contained in Paragraph 26 of the Complaint.

27. Mr. Tahseen ADMITS the allegation contained in Paragraph 27 of the Complaint that counsel for Mr. Tahseen filed a Notice of Withdrawal on that date but notes that it pertained to the Motion to Authorize Sale (Docket No. 86), not the Motion to Convert (Docket No. 98).

28. Mr. Tahseen ADMITS the allegations contained in Paragraph 28 of the Complaint.

29. Mr. Tahseen ADMITS the allegations contained in Paragraph 29 of the Complaint.

30. Mr. Tahseen ADMITS the allegations contained in Paragraph 30 of the Complaint.

31. Mr. Tahseen ADMITS the allegations contained in Paragraph 31 of the Complaint.

32. Mr. Tahseen ADMITS the allegations contained in Paragraph 32 of the Complaint.

33. Mr. Tahseen ADMITS that a deed was recorded on that date which named Mr. Tahseen and his wife as grantees in joint tenancy, but upon information and belief DENIES the remaining allegations contained in Paragraph 33 of the Complaint.

34. Mr. Tahseen ADMITS the allegation of Paragraph 34 of the Complaint that the recording of the aforementioned deed was not disclosed to the Trustee.

35. The statements contained in Paragraph 35 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

36. Mr. Tahseen ADMITS the allegations contained in Paragraph 36 of the Complaint.

37. Mr. Tahseen ADMITS the allegations contained in Paragraph 37 of the Complaint.

38. Mr. Tahseen ADMITS the allegations contained in Paragraph 38 of the Complaint.

39. Mr. Tahseen ADMITS the allegations contained in Paragraph 39 of the Complaint.

40. Mr. Tahseen ADMITS the allegations contained in Paragraph 40 of the Complaint.

41. Mr. Tahseen ADMITS the allegation of Paragraph 41 of the Complaint that he caused a mortgage to be placed on the title of the Elk Grove Village Property in April 2021, but DENIES that notice of the mortgage was not given to the Trustee. The remaining statements contained in Paragraph 41 of the Complaint are conclusions of law, and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

42. Mr. Tahseen ADMITS the allegations contained in Paragraph 42 of the Complaint.

43. Mr. Tahseen ADMITS the allegations contained in Paragraph 43 of the Complaint that the Trustee sought information from him relative to the Elk Grove Village Property, the mortgage, and the loan proceeds.

44. Mr. Tahseen DENIES the allegation contained in Paragraph 44 that he was not cooperating with the Trustee, but he ADMITS that the Trustee filed a Motion for Turnover.

45. Mr. Tahseen ADMITS the allegations contained in Paragraph 45 of the Complaint.

46. Mr. Tahseen DENIES the allegations contained in Paragraph 46 of the Complaint that he did not provide sufficient information to the Trustee regarding the loan proceeds.

47. Mr. Tahseen ADMITS that he disclosed that he was holding a bank check payable to the Trustee from mortgage loan proceeds in the amount of $45,588, but DENIES the remaining allegations contained in Paragraph 47 of the Complaint.

48. Mr. Tahseen DENIES the allegation contained in Paragraph 48 of the Complaint that the aforementioned check was not remitted to the Trustee.

49. Mr. Tahseen ADMITS the allegation contained in Paragraph 49 of the Complaint that he provided the Trustee a photo image of the check payable to the Trustee before the check was delivered to the Trustee.

50. Mr. Tahseen DENIES the allegations contained in Paragraph 50 of the Complaint that he did not cooperate with the Trustee, but he ADMITS that the Trustee filed a Motion for Rule to Show Cause.

51. Mr. Tahseen ADMITS the allegations contained in Paragraph 51 of the Complaint that the Motion was briefed and that the Court held an evidentiary hearing on the Motion.

52. Mr. Tahseen DENIES the allegations contained in Paragraph 52 of the Complaint.

53. Mr. Tahseen ADMITS the allegations contained in Paragraph 53 of the Complaint that money was still held but DENIES that information was first presented at that hearing.

54. Mr. Tahseen ADMITS the allegations contained in Paragraph 54 of the Complaint.

55. Mr. Tahseen ADMITS the allegations contained in Paragraph 55 of the Complaint.

56. Mr. Tahseen ADMITS the allegations contained in Paragraph 56 of the Complaint.

57. Mr. Tahseen ADMITS the allegations contained in Paragraph 57 of the Complaint.

**COUNT I: REVOCATION OF DISCHARGE ON ACCOUNT OF RECEIPT AND CONCEALMENT OF ASSETS UNDER SECTION 727(d)(2)**

58. Mr. Tahseen realleges and incorporates herein the answers contained in Paragraphs 1 through 57, above.

59. Mr. Tahseen DENIES the allegations contained in Paragraph 59 of the Complaint regarding the amount of loan proceeds that he received and that his discharge should be revoked. The

remaining statements contained in Paragraph 59 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

60. The statements contained in Paragraph 60 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

61. The statements contained in Paragraph 61 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

62. The statements contained in Paragraph 62 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

63. Mr. Tahseen DENIES the allegations contained in Paragraph 63 of the Complaint regarding the amount of the loan proceeds and that the mortgage loan was never disclosed to the Trustee.

64. Mr. Tahseen DENIES the allegations contained in Paragraph 64 of the Complaint that the mortgage lien was never disclosed to the Trustee.

65. Mr. Tahseen ADMITS the allegations contained in Paragraph 65 of the Complaint that his counsel at the time filed a Motion to Compel Abandonment and that Motion did not disclose the mortgage loan or mortgage lien.

66. Mr. Tahseen ADMITS the allegations contained in Paragraph 66 of the Complaint that he provided information in response to Trustee requests that included information about the mortgage.

67. Mr. Tahseen DENIES the allegations contained in Paragraph 67 of the Complaint.

68. Mr. Tahseen ADMITS, with respect to the allegations contained in Paragraph 68 of the Complaint, that the Court made findings in its Order attached as Exhibit B to the Complaint that Mr. Tahseen had complied in part and not complied in part with the Turnover Order.

69. Mr. Tahseen DENIES the allegations contained in Paragraph 69 of the Complaint.

70. Mr. Tahseen DENIES the allegations contained in Paragraph 70 of the Complaint.

71. Mr. Tahseen DENIES the allegations contained in Paragraph 71 of the Complaint.

72. Mr. Tahseen DENIES the allegations contained in Paragraph 72 of the Complaint.

73. The statements contained in Paragraph 73 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

WHEREFORE, Defendant MOHAMMAD TAHSEEN prays this Honorable Court enter judgment dismissing or denying Plaintiff's request for revocation of discharge and for such other and further relief in favor of Mohammad Tahseen as this Court may deem appropriate.

**COUNT II: REVOCATION OF DISCHARGE ON ACCOUNT OF FAILURE TO DELIVER OR SURRENDER PROPERTY OF THE ESTATE TO THE TRUSTEE UNDER SECTION 727(d)(2)**

74. Mr. Tahseen realleges and incorporates herein the answers contained in Paragraphs 1 through 73, above.

75. Mr. Tahseen DENIES the allegations contained in Paragraph 75 of the Complaint.

76. Mr. Tahseen ADMITS that he caused a Motion to Compel Abandonment to be filed by his prior counsel but DENIES the remaining allegations contained in Paragraph 76 of the Complaint.

77. Mr. Tahseen ADMITS the allegations contained in Paragraph 77 of the Complaint.

78. Mr. Tahseen DENIES the allegations contained in Paragraph 78 of the Complaint.

79. Mr. Tahseen DENIES the allegations contained in Paragraph 79 of the Complaint.

80. Mr. Tahseen DENIES the allegations contained in Paragraph 80 of the Complaint.

81. Mr. Tahseen DENIES the allegations contained in Paragraph 81 of the Complaint.

82. Mr. Tahseen ADMITS the allegations contained in Paragraph 82 of the Complaint.

83. Mr. Tahseen DENIES the allegations contained in Paragraph 83 of the Complaint.

84. The statements contained in Paragraph 84 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

WHEREFORE, Defendant MOHAMMAD TAHSEEN prays this Honorable Court enter judgment dismissing or denying Plaintiff's request for revocation of discharge and for such other and further relief in favor of Mohammad Tahseen as this Court may deem appropriate.

**COUNT III: REVOCATION OF DISCHARGE ON ACCOUNT OF FAILURE TO OBEY A LAWFUL ORDER OF COURT PURSUANT TO 11 U.S.C. §727(a)(6) INCORPORATED INTO 11 U.S.C. §727(d)(3)**

85. Mr. Tahseen realleges and incorporates herein the answers contained in Paragraphs 1 through 84, above.

86. Mr. Tahseen ADMITS the allegations contained in Paragraph 86 of the Complaint.

87. Mr. Tahseen DENIES the allegations contained in Paragraph 87 of the Complaint.

88. Mr. Tahseen DENIES the allegations contained in Paragraph 88 of the Complaint.

89. Mr. Tahseen DENIES the allegations contained in Paragraph 89 of the Complaint.

90. Mr. Tahseen DENIES the allegations contained in Paragraph 90 of the Complaint.

91. Mr. Tahseen DENIES the allegations contained in Paragraph 91 of the Complaint.

92. The statements contained in Paragraph 92 of the Complaint are conclusions of law and Mr.

Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

WHEREFORE, Defendant MOHAMMAD TAHSEEN prays this Honorable Court enter judgment dismissing or denying Plaintiff's request for revocation of discharge and for such other and further relief in favor of Mohammad Tahseen as this Court may deem appropriate.

Respectfully submitted,

/s/ Robert K. Naumann
Attorney for Defendant

Robert K. Naumann
Naumann, Agnello & Associates, LLC.
25 Northwest Point Blvd, STE 180
Elk Grove Village, IL 60007
847-593-8777
IL ARDC No. 6280702
egv@nalawgroup.com