**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MOHAMMAD TAHSEEN, | ) | Case No. 18 B 3134 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ---------------------------------------------------- | ) | |
| PATRICK S. LAYNG, U.S. Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 22-00016 |
| | ) | |
| MOHAMMAD TAHSEEN, | ) | The Honorable David D. Cleary |
| | ) | |
| Defendant. | ) | |

**AMENDED ANSWER OF MOHAMMAD TAHSEEN**

NOW COMES Debtor, MOHAMMAD TAHSEEN ("Tahseen"), by and through his attorneys, Naumann, Agnello & Associates LLC., and for and in support of his Answer to the Trustee's Complaint for Revocation of Discharge, states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 1 of the Complaint.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (O).

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 2 of the Complaint.

3. Plaintiff, Patrick S. Layng, is the duly appointed United States Trustee for Region 11 under 28 U.S.C. § 581 (a)(11) (the "U.S. Trustee"). The U.S. Trustee maintains his principal place of business at 219 S. Dearborn St., Room 873, Chicago, Illinois, within this district.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 3 of the Complaint.

4.   Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the duty to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 4 of the Complaint.

5.   Pursuant to 11 U.S.C. §§ 307 and 727(d), the U.S. Trustee has standing to bring this complaint.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 5 of the Complaint.

6.   Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 6 of the Complaint.

7.   As of the date of the bankruptcy petition, Tahseen resided at 128 Essex Rd., Elk Grove Village, Illinois 60007 (the "Elk Grove Village Property").

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 7 of the Complaint.

## BACKGROUND

### I. Tahseen's Bankruptcy Case Prior to Receiving his Discharge

8.   On February 4, 2018 (the "Petition Date"), the debtor, Mohammad Tahseen (hereinafter "Tahseen" or "Defendant"), represented by Richard G. Fonfrias, filed a voluntary petition (the "Petition") along with the schedules and statement of financial affairs ("First Schedules") under Chapter 13 of the Bankruptcy Code. *[Dkt. No. 1]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 8 of the Complaint.

9.   Along with the Petition and First Schedules, the Defendant filed his Declaration Regarding Electronic Filing (the "Declaration") in which he declared, under penalty of perjury, that the information contained in his Petition and First Schedules was true and correct.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 9 of the Complaint.

10. On his Schedule A/B, the Defendant scheduled the Elk Grove Village Property with a value of $320,000.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 10 of the Complaint.

11. The Defendant's original Schedule D did not disclose a mortgage secured by the Elk Grove Village Property.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 11 of the Complaint.

12. Subsequently, first on July 8, 2018, and then again on July 23, 2018, October 10, 2018, and June 2, 2020, Tahseen file various amended Schedules (the "Amended Schedules"). *[Dkt. Nos. 34, 39, 73 and 137]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 12 of the Complaint.

13. Each of the Amended Schedules was executed under penalty of perjury.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 13 of the Complaint.

14. In none of the Amended Schedules did the Defendant disclose the existence of a mortgage on the Elk Grove Village Property.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 14 of the Complaint.

15. On September 20, 2018, the Defendant voluntarily converted his case to one under Chapter 7. *[Dkt. No. 64]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 15 of the Complaint.

16. Upon conversion, Andrew J. Maxwell was appointed Chapter 7 Trustee (the "Trustee") in Defendant's bankruptcy.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 16 of the Complaint.

17. The Trustee held a meeting pursuant to 11 U.S.C. § 341 (the **"341** Meeting") on October 23,2018.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 17 of the Complaint.

18. On December 5,2018, the Trustee filed an Initial Report of Assets. *[Dkt. No. 79]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 18 of the Complaint.

19. The Defendant received his discharge on December 26,2018. *[Dkt. No.* 53].

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 19 of the Complaint.

## II. Tahseen's Bankruptcy Case After the Defendant Received his Discharge

20. On May 8,2019, the Defendant filed a Motion for Authority to Sell the Elk Grove Village Property (the "Defendant's Motion"). *[Dkt. No. 86]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 20 of the Complaint.

21. On May 28, 2019, TTLBL, LLC ("TTLBL"), the tax buyer with respect to unpaid real estate taxes due and owing on the Elk Grove Village Property, filed an Objection to the Defendant's Motion for Authority to Sell the Property (the "Sale Objection"). *[Dkt. No. 89]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 21 of the Complaint.

22. In the Sale Objection, TTLBL raised not only its own objections to the Defendant's Motion but also indicated that the Trustee had represented to TTLBL that he also had an objection to the Defendant's Motion.

ANSWER: Mr. Tahseen DENIES the allegation of Paragraph 22 of the Complaint that TTLBL indicated in the Sale Objection that the Trustee had any particular objection to the Defendant's Motion, although TTLBL did represent in its objection that the "Trustee [was] opposed to Debtor's motion."

23. On May 30, 2019, the Court entered its Agreed Order on Motion to Authorize Debtor to Sell Real Property (the "Agreed Order"). *[Dkt. No. 93]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 23 of the Complaint but notes that the "Agreed" Order was not entered with Mr. Tahseen's own agreement inasmuch as the Court at that time acknowledged within the text of that Order that Debtor was not present and that "Debtor's counsel has been unable to communicate with Debtor."

24. The Agreed Order did not authorize the sale of the Property - it set forth a procedure by which the Property could be inspected by the Trustee and TTLBL or its representatives and continued the matter for status. *[Dkt. No. 93]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 24 of the Complaint.

25. On June 14, 2019, the Defendant filed a Motion to Convert Case from Chapter 7 to 13. *[Dkt. No. 98]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 25 of the Complaint.

26. On June 20, 2019, the Defendant's motion to reconvert was denied without prejudice. *[Dkt. No. 101]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 26 of the Complaint.

27. Also on June 20, 2019, the Defendant filed a withdrawal of the Defendant's Motion. *[Dkt. No. 103]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 27 of the Complaint.

28. On June 25, 2019, the Trustee filed a Motion to Retain a Real Estate Broker to sell the Real Property. *[Dkt. No. 106]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 28 of the Complaint.

29. The next day, June 26, 2019, the Defendant filed another Motion to Convert his Case from Chapter 7 to 13. *[Dkt. No. 107]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 29 of the Complaint.

30. On July 3, 2019, the Court denied the Defendant's June 26, 2019, Motion to Convert from Chapter 7 to 13, *[Dkt. No. 118]* and granted the Order to Employ a Real Estate Broker *[Dkt. No. 117]*.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 30 of the Complaint.

31. On July 25, 2019, the Defendant filed his third Motion to Convert his Case from Chapter 7 to 13. *[Dkt. No. 119]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 31 of the Complaint.

32. On August 7, 2019, the Court again denied the Defendant's Motion to Convert the Case from Chapter 7 to 13. *[Dkt. No. 121]*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 32 of the Complaint.

33. On December 30, 2019, the Defendant, in violation of the automatic stay, deeded the estate's interest in the Elk Grove Village Property to himself and his wife as joint tenants.

ANSWER: Mr. Tahseen ADMITS that a deed was recorded on that date which named Mr. Tahseen and his wife as grantees in joint tenancy, but upon information and belief DENIES the remaining allegations contained in Paragraph 33 of the Complaint.

34. At no time did the Defendant disclose his purported attempt to transfer the estate's sole interest in the Elk Grove Village Property to any other person or people.

ANSWER: Mr. Tahseen ADMITS the allegation of Paragraph 34 of the Complaint that the recording of the aforementioned deed was not disclosed to the Trustee

35. The attempted conveyance is void or voidable as having violated the automatic stay.

ANSWER: The statements contained in Paragraph 35 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

36. On June 4, 2020, the Defendant, using a new attorney,[1] filed a fourth Motion to Convert Case from Chapter 7 to Chapter 13. *[Dkt. No. 138]*.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 36 of the Complaint.

37. On July 22, 2020, after briefing, the Court denied the Defendant's June 4, 2020 Motion to Convert Case from Chapter 7 to 13. *[Dkt. No. 151]*.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 37 of the Complaint.

38. On May 17, 2021, the Defendant, using his original attorney, filed a Motion to Compel Abandonment of the Real Property (the "Abandonment Motion"). *[Dkt. No. 152]*.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 38 of the Complaint.

39. In response to the Abandonment Motion, the Trustee requested documents from the Defendant.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 39 of the Complaint.

40. Included with the documents provided to the Trustee was a home mortgage statement produced by the Defendant.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 40 of the Complaint.

41. The home mortgage statement indicated that the Defendant had placed a mortgage on the Elk Grove Village Property in April 2021 without notice to any party and in violation of the automatic stay.

ANSWER: Mr. Tahseen ADMITS the allegation of Paragraph 41 of the Complaint that he caused a mortgage to be placed on the title of the Elk Grove Village Property in April 2021, but DENIES that notice of the mortgage was not given to the Trustee. The remaining statements contained in Paragraph 41 of the Complaint are conclusions of law, and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

42. Nowhere in the Abandonment Motion did the Defendant disclose that he had voluntarily allowed a mortgage lien to be placed on the Elk Grove Village Property in April 2021.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 42 of the Complaint.

43. The revelation of the mortgage initiated a flurry of activity in the case, most of which was comprised of the Trustee seeking information from the Defendant relative to the Elk Grove Village Property, the mortgage, and the loan proceeds.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 43 of the Complaint that the Trustee sought information from him relative to the Elk Grove Village Property, the mortgage, and the loan proceeds.

44. Because he believed he was not getting proper cooperation from the Defendant, on June 4, 2021, the Trustee filed a Motion to Compel Turnover of Money and Documents from the Defendant (the "Turnover Motion"). *[Dkt. No. 160].*

ANSWER: Mr. Tahseen DENIES the allegation contained in Paragraph 44 that he was not cooperating with the Trustee, but he ADMITS that the Trustee filed a Motion for Turnover.

45. The Turnover Motion was granted on June 23, 2021 "Turnover Order". See *Exhibit A*.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 45 of the Complaint.

46. The Trustee was unsatisfied because although the Defendant provided certain, limited, information, the Trustee did not believe that he had the complete record evidencing how the Defendant spent the proceeds of the loan secured by the Elk Grove Village Property.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 46 of the Complaint that he did not provide sufficient information to the Trustee regarding the loan proceeds.

47. Indeed, after some time, the Defendant informed the Trustee that he was holding approximately $45,000 in proceeds from the mortgage loan.

ANSWER: Mr. Tahseen ADMITS that he disclosed that he was holding a bank check payable to the Trustee from mortgage loan proceeds in the amount of $45,588, but DENIES the remaining allegations contained in Paragraph 47 of the Complaint.

48. Although he admitted to holding proceeds, the Defendant did not remit those proceeds to the Trustee immediately.

ANSWER: Mr. Tahseen DENIES the allegation contained in Paragraph 48 of the Complaint that the aforementioned check was not remitted to the Trustee.

49. Instead, the Defendant provided the Trustee with a copy of a check evidencing that payment would be forthcoming, but payment was not immediately made.

ANSWER: Mr. Tahseen ADMITS the allegation contained in Paragraph 49 of the Complaint that he provided the Trustee a photo image of the check payable to the Trustee before the check was delivered to the Trustee.

50. On July 28, 2021, still unsatisfied with the cooperation from the Defendant, the Trustee filed his Motion for Rule to Show Cause why the Defendant [Debtor] should not be held in

contempt for failure to comply with the order granting the Turnover Motion (the "Rule to Show Cause"). *[Dkt.No. 179].*

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 50 of the Complaint that he did not cooperate with the Trustee, but he ADMITS that the Trustee filed a Motion for Rule to Show Cause.

51. After much briefing, on October 21,2021, the Court held an evidentiary hearing on the Rule to Show Cause.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 51 of the Complaint that the Motion was briefed and that the Court held an evidentiary hearing on the Motion.

52. At the evidentiary hearing, testimony was elicited that the Defendant had not used or otherwise properly accounted for the proceeds of the mortgage loan.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 52 of the Complaint.

53. Evidence was adduced that the Defendant was still holding money for future projects that he intended to do to improve the Elk Grove Village Property.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 53 of the Complaint that money was still held but DENIES that information was first presented at that hearing.

54. On October 21, 2021, the Court entered its Order Granting in Part and Denying in Part Trustee's Motion for Entry of Order Holding Debtor in Contempt of Court (the "Contempt Order"). See *Exhibit B.*

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 54 of the Complaint.

55. In the Contempt Order, the Court found that the Defendant "failed to turnover all proceeds or establish where such proceeds were spent or are being held. The Debtor [Defendant] made only

the Partial Payment Amount and did so only after the Trustee filed a Motion for Contempt." *See* Contempt Order at p. 5.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 55 of the Complaint.

56. As a result, the Court found the Defendant in contempt - "Mohammad Tahseen [Defendant] is held in contempt of court for failure to comply with paragraph (c) of the Turnover Order." *See* Contempt Order at p. 6.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 56 of the Complaint.

57. On November 17, 2021, at the status hearing on the Defendant's contempt, the Court found that the Defendant had purged his contempt and concluded the contempt proceedings.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 57 of the Complaint.

## COUNT I- REVOCATION OF DISCHARGE ON ACCOUNT OF RECEIPT AND CONCEALMENT OF ASSETS UNDER SECTION 727(d)(2)

58. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraphs 1 through 57.

ANSWER: Mr. Tahseen realleges and incorporates herein the answers contained in Paragraphs 1 through 57, above.

59. The Defendant's discharge should be revoked because he concealed an asset of the estate - approximately $250,000 in loan proceeds that he received when he improperly placed a mortgage on estate property.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 59 of the Complaint regarding the amount of loan proceeds that he received and that his discharge should be revoked. The remaining statements contained in Paragraph 59 of the Complaint are conclusions of law and

Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

60. Immediately upon commencement of his bankruptcy case, the Elk Grove Village Property became property of the Defendant's bankruptcy estate. *See* 11 U.S.C. §541.

ANSWER: The statements contained in Paragraph 60 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

61. When the case was converted to one under Chapter 7 and the Trustee was appointed, the Trustee was vested with the ability to exercise control over the Elk Grove Village Property because it was property of the bankruptcy estate. *See* 11 U.S.C. §704.

ANSWER: The statements contained in Paragraph 61 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

62. Because the Elk Grove Village Property was property of the estate, when the Defendant used it as collateral for the mortgage and accepted the proceeds of the mortgage loan, the loan proceeds were property of the estate. *See* 11 U.S.C. §541(a)(6).

ANSWER: The statements contained in Paragraph 62 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

63. Despite receiving approximately $250,000 in loan proceeds, the Defendant failed to notify the Trustee of the loan.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 63 of the Complaint regarding the amount of the loan proceeds and that the mortgage loan was never disclosed to the Trustee.

64. Similarly, the Defendant failed to notify the Trustee that a lien that was affixed to the Elk Grove Village Property because of the loan.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 64 of the Complaint that the mortgage lien was never disclosed to the Trustee.

65. Rather than notify the Trustee, the Defendant filed a motion to compel abandonment in which he did not disclose the existence of the loan or the lien.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 65 of the Complaint that his counsel at the time filed a Motion to Compel Abandonment and that Motion did not disclose the mortgage loan or mortgage lien.

66. The loan and the lien were only discovered when the Trustee requested documents related to the Abandonment Motion.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 66 of the Complaint that he provided information in response to Trustee requests that included information about the mortgage.

67. And, at that time, instead of voluntarily turning over the proceeds (or what was left of them) from the loan, the Defendant required the Trustee file a motion with the Court and secure the Turnover Order.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 67 of the Complaint.

68. The Defendant failed to comply with the Turnover Order.

ANSWER: Mr. Tahseen ADMITS, with respect to the allegations contained in Paragraph 68 of the Complaint, that the Court made findings in its Order attached as Exhibit B to the Complaint that Mr. Tahseen had complied in part and not complied in part with the Turnover Order.

69. When the Defendant failed to comply with the Turnover Order, the Trustee was required to file the Rule to Show Cause.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 69 of the Complaint.

70. The filing of the Rule to Show Cause did not convince the Defendant to voluntarily turn over the remaining proceeds, and instead, the Defendant forced the Trustee go to evidentiary hearing where it was learned that additional money had not been disclosed or surrendered to the Trustee.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 70 of the Complaint.

71. Despite granting the lien and receiving the loan proceeds, the Defendant knowingly and fraudulently failed to report the acquisition of the property (ie, the money) to the Trustee.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 71 of the Complaint.

72. Rather than disclose the loan proceeds, the Defendant knowingly and fraudulently tried to secrete them, including by a failure to disclose additional funds in his possession which he led the Trustee to believe had already been spent.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 72 of the Complaint.

73. This bankruptcy case has not closed, so the U.S. Trustee's complaint is timely filed.

ANSWER: The statements contained in Paragraph 73 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

WHEREFORE, Defendant MOHAMMAD TAHSEEN prays this Honorable Court enter judgment dismissing or denying Plaintiff's request for revocation of discharge and for such other and further relief in favor of Mohammad Tahseen as this Court may deem appropriate.

## COUNT II
## REVOCATION OF DISCHARGE ON ACCOUNT OF
## FAILURE TO DELIVER OR SURRENDER PROPERTY OF THE ESTATE TO THE TRUSTEE UNDER SECTION 727(d)(2)

74. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraphs 1 through 73.

ANSWER: Mr. Tahseen realleges and incorporates herein the answers contained in Paragraphs 1 through 73, above.

75. The Defendant's discharge should be denied because once the concealed property was ascertained, the Defendant did not voluntarily turn over the money. Instead, he engaged in protracted litigation with the Trustee, culminating in an order of contempt being issued against him.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 75 of the Complaint.

76. Instead of notifying the Trustee when he first obtained the loan proceeds, the Defendant secreted the funds and filed the Abandonment Motion.

ANSWER: Mr. Tahseen ADMITS that he caused a Motion to Compel Abandonment to be filed by his prior counsel but DENIES the remaining allegations contained in Paragraph 76 of the Complaint.

77. The Abandonment Motion did not disclose the existence of the new loan or the lien arising therefrom.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 77 of the Complaint.

78. Rather than disclose and voluntarily turn over the loan proceeds (or any portion of them), the Defendant stalled the Trustee and ultimately required the Trustee to obtain the Turnover Order.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 78 of the Complaint.

79. The Defendant failed to comply with the Turnover Order, requiring the Trustee to file the Rule to Show Cause.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 79 of the Complaint.

80. Instead of complying with the Turnover Order when the Rule to Show Cause was filed, the Defendant required the Trustee to go to an evidentiary hearing.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 80 of the Complaint.

81. At the evidentiary hearing, it was adduced that additional money was being held by the Defendant which had not been disclosed or surrendered to the Trustee.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 81 of the Complaint.

82. After the evidentiary hearing, the Court held the Defendant in contempt and required him to turn over the balance of the funds in his possession.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 82 of the Complaint.

83. The Defendant knowingly and fraudulently failed to turnover the loan proceeds, evidenced by: (i) his failure to comply with the Turnover Order, (ii) the discovery of additional funds in the Defendant's possession during the evidentiary hearing; and (iii) entry of the Contempt Order.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 83 of the Complaint.

84. This bankruptcy case has not closed, so the U.S. Trustee's complaint is timely filed.

ANSWER: The statements contained in Paragraph 84 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

WHEREFORE, Defendant MOHAMMAD TAHSEEN prays this Honorable Court enter judgment dismissing or denying Plaintiff's request for revocation of discharge and for such other and further relief in favor of Mohammad Tahseen as this Court may deem appropriate.

### COUNT III
### REVOCATION OF DISCHARGE ON ACCOUNT OF
### FAILURE TO OBEY A LAWFUL ORDER OF COURT PURSUANT TO 11 U.S.C. §727(a)(6) INCORPORATED INTO 11 U.S.C. §727(d)(3)

85. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraphs 1 through 84.

ANSWER: Mr. Tahseen realleges and incorporates herein the answers contained in Paragraphs 1 through 84, above.

86. When the Defendant first received the loan proceeds, he did not turn over those proceeds to the Trustee.

ANSWER: Mr. Tahseen ADMITS the allegations contained in Paragraph 86 of the Complaint.

87. Instead, he first made the Trustee file a turnover motion and secure the Turnover Order.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 87 of the Complaint.

88. After the Turnover Order was entered, the Defendant still refused to turn over the proceeds to the Trustee.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 88 of the Complaint.

89. The Defendant's non-compliance with the Turnover Order constitutes the failure to obey a lawful order of Court.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 89 of the Complaint.

90. After the Defendant failed to comply with the Turnover Order, the Trustee was required to file the Rule to Show Cause.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 90 of the Complaint.

91. Instead of complying with the Turnover Order when the Rule to Show Cause was filed, the Defendant made the Trustee go to an evidentiary hearing where it was learned that additional property had not been disclosed or surrendered to the Trustee.

ANSWER: Mr. Tahseen DENIES the allegations contained in Paragraph 91 of the Complaint.

92. This bankruptcy case has not closed, so the U.S. Trustee's complaint is timely filed.

ANSWER: The statements contained in Paragraph 92 of the Complaint are conclusions of law and Mr. Tahseen is without knowledge or information sufficient to form a belief as to the truth of those conclusions.

WHEREFORE, Defendant MOHAMMAD TAHSEEN prays this Honorable Court enter judgment dismissing or denying Plaintiff's request for revocation of discharge and for such other and further relief in favor of Mohammad Tahseen as this Court may deem appropriate.

Respectfully submitted,

Robert K. Naumann  /s/ Robert K. Naumann
Naumann, Agnello & Associates, LLC.  Attorney for Defendant
25 Northwest Point Blvd, STE 180
Elk Grove Village, IL 60007
847-593-8777
IL ARDC No. 6280702
egv@nalawgroup.com